UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| REBECCA HASH ) | |
| ) | CASE NO. 10-34457(1)(7) |
| Debtor ) | |

## MEMORANDUM-OPINION

This matter is before the Court on the Application to Employ Attorney for the Estate filed by Trustee Robert W. Keats ("Trustee"). The Trustee seeks approval of the hiring of attorney David A. Black ("Black") on behalf of the Estate in *Rebecca Hash v. L & N Federal Credit Union, et al.* pending in the Jefferson Circuit Court, Case No. 11-CI-02139 ("the case"). The Application seeks approval of the employment of Black on a contingency fee basis. The Court considered the Trustee's Application, the Objection of L & N Federal Credit Union ("L & N") and the comments of counsel for the parties at the hearing held on the matter. For the following reasons, the Court will **GRANT** the Trustee's Application.

## PROCEDURAL AND FACTUAL BACKGROUND

L & N is a creditor of the Debtor Rebecca Hash ("Debtor") and is the largest unsecured creditor of the estate. L & N contends Black is not disinterested as defined by 11 U.S.C. §101(14) and as required by 11 U.S.C. §327(a). L & N is the Defendant in the case filed by the Debtor. According to L & N, Black is not disinterested because he is a creditor

of the estate based on his prior work representing the Debtor pre-petition. L & N contends that because Black represented Debtor in several matters in the past, he cannot objectively value the case and has provided varying estimates on the value of the case. It also states that a conflict may arise, when and if, the case is resolved and Debtor claims an exemption.

## **LEGAL ANALYSIS**

Under 11 U.S.C. §327(a), ". . . the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duty under this title." Additionally, Rule 2004 of the Federal Rules of Bankruptcy Procedure dictates the manner in which the trustee request approval of the employment of a professional under §327. The Trustee's Application meets the requirement of the Rule, but L & N contends that Black does not meet the requirements of §327.

The issues before the Court are whether Black is "disinterested" under 11 U.S.C. §327 and whether Black has an interest materially adverse to the estate, the Debtor or creditors. "Disinterested person" is defined under 11 U.S.C. §101(14) as the following:

(a)  a person who is not a creditor, equity security holder, or insider;

(b) a person who is not and was not, within two years before the date of the filing of the Petition, a director, officer or employee of the debtor; and

(c) a person who does not have an interest materially adverse to the interest of the estate or any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor or for any other reason.  The Court is convinced that Black is "disinterested" within the meaning of the statute.

There is no contention that subsection (b) above applies to Black.  L & N contends that (a) applies because Black is a creditor of the estate.  However, Black indicated at the hearing on this matter that he is not owed any funds by the Debtor and is not a creditor of the Debtor.  In the event that any sums are possibly owed to Black due to his past representation of the Debtor, Black waived any such claim at the hearing.  There is no other evidence of record to support L & N's claim that Black is a creditor of the estate.

L & N contends that in the event Debtor recovers any funds, a conflict "may" arise, if the Debtor claims an exemption and a dispute arises over whether the exemption should be allowed.  There is no actual conflict in existence and there is no basis or authority for declining the Trustee's Application on the mere possibility that a conflict may arise at some point in the future.

L & N has no basis to claim that Black is materially adverse to the interest of the estate because he has represented the Debtor in legal matters in the past.  There has been no showing that Black's allegiance to the estate will be diminished or his judgment swayed due to his past representation of the Debtor.

3

The Bankruptcy Code clearly provides the Trustee with the authority to hire professionals without the interference of creditors.  *In re Federated Dept. Stores, Inc.*, 114 B.R. 501 (Bankr. S.D. Ohio 1990), rev.'d on other grounds, 44 F.3d 1310 (6th Cir. 1995).  The trustee should be deprived of his or her choice of professionals in "only the rarest cases." *In re Smith*, 507 F.3d 64, (2nd Cir. 2007).  This is not one of those rare cases.  It appears that L & N, the largest unsecured creditor of the Debtor's estate, seeks to gain an advantage in the case by disqualifying Black.  The Trustee clearly believes that Black's employment is in the best interest of the estate and that he has the expertise, familiarity and skill to proceed with representation of the estate in the action pending against L & N.  The Court has been provided with no legal or factual basis to overrule the Trustee's judgment on this issue. Accordingly, the Court will enter the attached Order granting the Application.

## **CONCLUSION**

For all of the above reasons, the Court will approve the Application of the Trustee to Hire Attorney David A. Black on Behalf of the Estate.  An Order accompanies this Memorandum-Opinion.

*(signature)*
Joan A. Lloyd
United States Bankruptcy Judge
Dated: June 14, 2012

UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| REBECCA HASH ) | |
| ) | CASE NO. 10-34457(1)(7) |
| Debtor ) | |

**ORDER**

The Court having considered the foregoing Application of the Trustee to employ the professional to act as attorney for the estate and the Declaration of that attorney in support thereof, and it appearing that David A. Black, is a disinterested person, and that the employment of the professional is in the best interest of the estate and the economical administration thereof, and therefore,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that Robert W. Keats, Trustee herein, is authorized to employ David A. Black, attorney-at law of David A. Black, PSC, to act as attorney for the Trustee and the estate, with compensation to be paid in such amounts as may be allowed by the Court upon proper application; and

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the funds received from the litigation shall be turned over to the Trustee and held in his account for the Debtor's estate subject to further order of this Court.

Joan A. Lloyd
United States Bankruptcy Judge
Dated: June 14, 2012